UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ACEDO,<br><br>　　　　　　　　Petitioner,<br><br>v.<br><br>R. FISHER, Warden,<br><br>　　　　　　　　Respondent. | Case No.: 17CV2346-GPC(JMA)<br><br>**ORDER DENYING MOTION FOR RELEASE ON OWN RECOGNIZANCE [DOC. NO. 15] & MOTION FOR REQUEST FOR DISCOVERY [DOC. NO. 19]** |

Petitioner Daniel Acedo ("Petitoner") currently has two motions pending before the Court. The first is a motion for release on his own recognizance and the second is a motion to conduct discovery. Having reviewed in full Petitioner's filings and, for the reasons set forth below, the Court DENIES both motions.

**I.　　Motion for Release on Own Recognizance**

Petitioner, is a state prisoner proceeding pro se who initiated this habeas corpus case pursuant to 28 U.S.C. § 2254 on November 17, 2017. [Doc. No. 1.] He has since filed a motion for release on his own recognizance, requesting a bail amount be set. [Doc. No. 15.] The Court may, pursuant to 18 U.S.C. § 3142, order the release of an individual charged with an offense *pending trial*. Here, however, Petitioner has already been tried and convicted and is currently incarcerated, so this provision is not applicable to his situation. Furthermore,

federal habeas law does not offer a means by which an incarcerated individual may be released during the pendency of his or her habeas petition. Petitioner's motion for release is, therefore, DENIED with prejudice.

**II.     Motion for Discovery**

Petitioner also requests the Court permit him to conduct discovery, including requests for admission and interrogatories.  A habeas petitioner "is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Rule 6(a) of the Rules Governing § 2254 Cases requires that discovery be permitted only upon good cause shown. U.S.C. § 2254, Cases R. 6(a). Good causes exists "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief . . . ." *Bracy*, 520 U.S. at 908-09 (*quoting Harris v. Nelson*, 394 U.S. 286, 300) (1969)). "Conclusory allegations are not enough to warrant discovery [in habeas cases]; the petitioner must set forth specific allegations of fact." *Ward v. Whitley*, 21 F.3d 1355 (5th Cir. 1994). Habeas petitioners may not "use federal discovery for fishing expeditions to investigate mere speculation." *Calderon v. U.S. Dist. Court*, 98 F.3d 1102, 1106 (9th Cir. 1996). Here, Petitioner has not set forth specific allegations supporting a need for the information sought, and thus has not demonstrated good cause for discovery. Accordingly, his motion for discovery is DENIED without prejudice.

**IT IS SO ORDERED.**

Dated:  February 28, 2018

Honorable Jan M. Adler
United States Magistrate Judge