UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL V. ACEDO, | Case No.: 17CV2346-GPC(JMA) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION RE DENYING FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS** |
| R. FISHER, JR., Warden, | |
| Respondent. | |

Petitioner Daniel V. Acedo ("Petitioner"), a state prisoner proceeding pro se with a First Amended Petition for Writ of Habeas Corpus ("FAP") pursuant to 28 U.S.C. § 2254, challenges his 2014 conviction in San Diego Superior Court for inflicting corporal injury upon a cohabitant.  (FAP, ECF No. 11 at 5-129.)  For the reasons discussed below, the Court recommends the FAP be **DENIED**.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

The Court gives deference to state court findings of fact and presumes them to be correct; Petitioner may rebut the presumption of correctness, but only by clear and convincing evidence.  *See* 28 U.S.C. § 2254(e)(1) (West 2006); *see also Parke v. Raley*, 506 U.S. 20, 35-36 (1992) (holding findings of historical fact, including inferences properly drawn from those facts, are entitled to a statutory

presumption of correctness). The following facts are taken from the findings of the California Court of Appeal:

> On November 11, 2013, [Petitioner] and his girlfriend had an argument at a trolley station. [Petitioner] cut his girlfriend on her left shin with a box cutter, causing a laceration of approximately a quarter inch. A transit security officer witnessed the assault, which was also recorded by security cameras.

(Lodgment No. 8, ECF No. 17-13 at 38.) [1] According to documents in the trial court record, Petitioner and his victim, Leticia Chacon, had been in a dating relationship for seven months, were living together in Petitioner's car, and slept in the vehicle along the 700 block of Ada Street. (Lodgment No. 1, ECF No. 17-1 at 22.) Petitioner was initially charged with corporal injury to a spouse or roommate under California Penal Code § 273.5(a) and assault with a deadly weapon under California Penal Code § 245(a)(1), for which he faced a possible sentence of up to four years. (*Id.*, ECF No. 17-1 at 7-9.)

On February 5, 2014, Petitioner, who represented himself at trial, pled guilty in San Diego Superior Court Case No. SCS 268470 to one count of corporal injury upon a cohabitant (Cal. Penal Code § 273.5(a)) and admitted a weapon allegation pursuant to California Penal Code § 1192.7(c)(23) that deemed the offense a serious felony and a "strike" under the Three Strikes Law. (Lodgment No. 1, ECF No. 17-1 at 76-79; Lodgment No. 2, ECF No. 17-6 at 32-42.) In exchange for his plea, the prosecutor stipulated to a low term sentence of two years and to dismiss the balance of the charges. (Lodgment No. 1, ECF No. 17-1 at 76.) Petitioner thereafter filed a motion to withdraw his guilty plea, asserting he felt pressure from the trial judge to "take the deal," he did not fully understand the consequences of the plea agreement, and his plea was not

---

[1] Citations to the pleadings and lodgments refer to the page numbers affixed by the Court's Electronic Case Filing system.

17CV2346-GPC(JMA)

knowing and voluntary. (Lodgment No. 1, ECF No. 17-1 at 81-89; ECF No. 17-2 at 86-90.) The trial court denied the motion. (Lodgment No. 1, ECF No. 17-3 at 266; Lodgment No. 2, ECF No. 17-7 at 7-27.) Petitioner filed a motion to reconsider. (Lodgment No. 1, ECF No. 17-3 at 112-20.) The trial court denied the motion and sentenced Petitioner to two years in prison, as stipulated by the parties in the plea agreement, and ordered Petitioner to pay fines and fees, as well as victim restitution in an amount to be determined. (Lodgment No. 2, ECF No. 17-7 at 28-33, 44-48.) Over Petitioner's objection, the trial court issued a protective order prohibiting him from contacting the victim. (*Id.* at 46-47; Lodgment No. 8, ECF No. 17-13 at 34-35.)

Petitioner applied for a certificate of probable cause to challenge the validity of his guilty plea on appeal, but the trial court denied the application, and the state appellate court denied the petition for writ of mandamus Petitioner filed to challenge that denial. (Lodgment No. 1, ECF No. 17-3 at 246; Lodgment Nos. 4, 9.) On appeal, appointed appellate counsel filed a brief, pursuant to *People v. Wende*, 25 Cal. 3d 436 (1979), presenting no argument for reversal, and requesting the court review the entire record on appeal to determine whether any issues would result in reversal or modification of the judgment. (Lodgment No. 3.) The California Court of Appeal affirmed Petitioner's conviction and sentence on February 11, 2015 in Case No. D066084. (Lodgment No. 8, ECF No. 17-13 at 37-40.)

On October 30, 2015 and November 2, 2015, Petitioner filed virtually identical third and fourth petitions for writ of habeas corpus, respectively, in San Diego Superior Court, Case No. HSC 11420. (Lodgment Nos. 5, 6.)[2] Petitioner

---

[2] According to the San Diego Superior Court, Petitioner's first and second petitions for writ of habeas corpus were unrelated to the grounds set forth in his third and fourth petitions. (Lodgment No. 7, ECF No. 17-12 at 2 n.2.)

17CV2346-GPC(JMA)

asserted the prosecutor engaged in illegal plea bargaining; the trial court improperly initiated plea negotiations, tried to persuade him to accept the plea bargain, and improperly advised him of the strike consequences of his plea; and claimed he did not knowingly and intelligently waive his rights to a jury trial. (*Id.*) The superior court denied the petitions for failure to state a prima facie claim for relief, as the claims were previously raised and rejected on appeal and were contradicted by the record. (Lodgment No. 7.)

Petitioner then filed a petition for writ of habeas corpus in the California Court of Appeal, Case No. D069548. (Lodgment No. 8.) He argued, *inter alia*, that his guilty plea was obtained in violation of due process because he had not been adequately advised of the consequences of the guilty plea, and he had been denied effective assistance of appellate counsel on his direct appeal. (*Id.*) On January 13, 2016, the appellate court denied the petition on the basis that a defendant who pleads guilty may not challenge the validity of the plea on appeal unless he applies for and the trial court grants a certificate of probable cause stating there are "reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings." (Lodgment No. 9.) The appeals court also found Petitioner's appellate counsel did not provide constitutionally ineffective assistance. (*Id.*) Petitioner then filed another petition for writ of habeas corpus in the California Court of Appeal, Case No. D070007, in which he objected to the Court of Appeal's opinion in Case No. D069548 and largely repeated the arguments set forth in his previous habeas petition before the Court of Appeal. (Lodgment No. 10.) On March 23, 2016, the appellate court denied the petition as repetitive, successive, and an abuse of the writ of habeas corpus. (Lodgment No. 11.)

On May 18, 2016, Petitioner filed a habeas petition in the California Supreme Court, Case No. S234612, asserting he did not understand the consequences of his guilty plea, the trial judge misinformed him regarding the

consequences of the plea, the criminal protective order was unconstitutional because he could not be subjected to such an unlawful restraint, and his appellate counsel provided ineffective assistance. (Lodgment No. 12.) On July 13, 2016, the California Supreme Court denied the petition, citing *People v. Duvall*, 9 Cal. 4th 464, 474 (1995) and *In re Swain*, 34 Cal. 2d 300, 304 (1949). (ECF No. 11 at 121; Lodgment No. 13.) On August 16, 2017, Petitioner filed another petition for writ of habeas corpus in the California Supreme Court, Case No. S243800, raising the same arguments as before. (Lodgment No. 14.) The California Supreme Court denied the petition on October 25, 2017, citing *In re Clark*, 5 Cal. 4th 750, 767-69 (1993). (ECF No. 11 at 85; Lodgment No. 15.)

On November 17, 2017, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in this Court, and filed his FAP on January 11, 2018. (ECF Nos. 1, 11.) Respondent filed an Answer on February 22, 2018. (ECF No. 16.) Petitioner filed a Traverse on March 23, 2018. (ECF No. 21.)

## II. DISCUSSION

Petitioner presents three grounds for relief in his FAP. First, he alleges a breach of contract claim, in which he contends the prosecution breached the plea agreement in Case No. SCS 268470 by including a ten-year criminal protective order in the agreement without his knowledge. (ECF No. 11 at 10, 18-19, 35-36.) Second, he argues the trial court misrepresented that a "strike" would carry no future consequences, resulting in a guilty plea that was not voluntarily, knowingly, and intelligently made. (*Id.* at 11, 19-21.) Third, he claims he received ineffective assistance of counsel on appeal because his appellate counsel did not raise a "*Santobello* claim." (*Id.* at 12, 21-23.) Petitioner seeks an evidentiary hearing or to supplement the record. (*Id.* at 5, 17, 23.) Respondent contends Petitioner is procedurally barred from receiving relief, and his claims, in any event, are plainly meritless. (Answer, ECF No. 16 at 4-6.)

17CV2346-GPC(JMA)

## A.    Standard of Review

Title 28, United States Code § 2254(a), as amended by the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides that in order to obtain federal habeas relief with respect to a claim which was adjudicated on the merits in state court, a federal habeas petitioner must demonstrate the state court adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d) (West 2006); *Early v. Packer*, 537 U.S. 3, 8 (2002).  In deciding a state prisoner's habeas petition, a federal court is not called upon to decide whether it agrees with the state court's determination; rather, the federal court applies an extraordinarily deferential review, inquiring only whether the state court's decision was objectively unreasonable.  *See Yarborough v. Gentry*, 540 U.S. 1, 4 (2003); *Medina v. Hornung*, 386 F.3d 872, 877 (9th Cir. 2004).

A federal habeas court may grant relief under the "contrary to" clause if the state court applied a rule different from the governing law set forth in Supreme Court cases, or if it decided a case differently than the Supreme Court on a set of materially indistinguishable facts.  *See Bell v. Cone*, 535 U.S. 685, 694 (2002). The court may grant relief under the "unreasonable application" clause if the state court correctly identified the governing legal principle from Supreme Court decisions, but unreasonably applied those decisions to the facts of a particular case.  *Id.*  Additionally, the "unreasonable application" clause requires the state court decision be more than incorrect or erroneous; to warrant habeas relief, the state court's application of clearly established federal law must be "objectively unreasonable."  *See Lockyer v. Andrade*, 538 U.S. 63, 75 (2003).  The Court may also grant relief if the state court's decision was based on an unreasonable

17CV2346-GPC(JMA)

determination of the facts.  28 U.S.C. § 2254(d)(2).

Where there is no reasoned decision from the state's highest court, the Court "looks through" to the last reasoned state court decision and presumes it provides the basis for the higher court's denial of a claim or claims.  *See Ylst v. Nunnemaker*, 501 U.S. 797, 805-06 (1991).  If the dispositive state court order does not "furnish a basis for its reasoning," federal habeas courts must conduct an independent review of the record to determine whether the state court's decision is contrary to, or an unreasonable application of, clearly established Supreme Court law.  *See Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000) (*overruled on other grounds by Andrade*, 538 U.S. at 75-76); *accord Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003).  Clearly established federal law, for purposes of § 2254(d), means "the governing principle or principles set forth by the Supreme Court at the time the state court renders its decision."  *Andrade*, 538 U.S. at 72.

## B.    Procedural Default

Respondent argues Petitioner's claims are procedurally defaulted because they were denied in the state court on the basis of California's bar on successive petitions.  (Answer, ECF No. 16 at 4.)  Petitioner replies he is not procedurally barred and the California Supreme Court's decision that his habeas petition was successive is incorrect.  (Traverse, ECF No. 21 at 1.)  Petitioner also appears to argue the cause of any procedural defect was the ineffective assistance of his appellate counsel.  (*Id.* at 5-6.)

Under the doctrine of procedural default, a federal court may not review the merits of a claim, including a constitutional claim, that a state court declined to consider because the petitioner failed to comply with a state procedural rule. *Martinez v. Ryan*, 566 U.S. 1, 9 (2012).  A procedural default bars consideration of a federal claim on either direct or habeas review "only if the last state court rendering a judgment in the case clearly and expressly states that its judgment

17CV2346-GPC(JMA)

rests on a state procedural bar." *Harris v. Reed*, 489 U.S. 255, 263 (1989). So long as the decision of the state court rests on a state law ground that is "independent" of federal law and is "adequate" to support the judgment, a federal habeas court will not review a claim rejected by a state court on procedural grounds. *Beard v. Kindler*, 558 U.S. 53, 55 (2009) (citing *Coleman v. Thompson*, 501 U.S. 722, 729 (1991)). "This rule works in tandem with the exhaustion requirement, to ensure that state prisoners cannot subvert the exhaustion requirement by presenting their claims to the state court in a procedurally deficient manner[.]" *Koerner v. Grigas*, 328 F.3d 1039, 1046 (9th Cir. 2003). When the independent and adequate ground for a state court's rejection of a federal claim involves a violation of state procedural requirements, a habeas petitioner is said to have procedurally defaulted his claim, and the court cannot reach the merits of the federal claim. *Coleman*, 501 U.S. at 729-30. A state procedural rule is "independent" if the state law basis for the decision is not interwoven with federal law. *La Crosse v. Kernan*, 244 F.3d 702, 704 (9th Cir. 2000). A state procedural rule is "adequate" if it is firmly established and regularly followed. *Walker v. Martin*, 562 U.S. 307, 316 (2011). A rule can be "firmly established and regularly followed" even if it is discretionary, and even if the state court chooses to deny a procedurally barred claim on the merits. *See id.* at 316, 319.

Respondent has the initial burden of pleading as an affirmative defense that a failure to satisfy a state procedural rule forecloses federal review. *Bennett v. Mueller*, 322 F.3d 573, 586 (9th Cir. 2003). The burden then shifts to Petitioner to challenge the independence or adequacy of the procedural bar. *Id.* If Petitioner makes a sufficient showing, then the ultimate burden of proof falls on Respondent. *Id.* Here, Respondent has satisfied his initial burden under *Bennett* by identifying the last habeas petition filed by Petitioner with the California Supreme Court, Case No. S243800, noting the rejection of the petition with a

17CV2346-GPC(JMA)

citation to *In re Clark*, 5 Cal. 4th 750, 767-69 (1993), and asserting the *Clark* bar is an independent and adequate state procedural ground. (Answer, ECF No. 16-1 at 4.) The cited pages of *In re Clark* represent a rejection of the state habeas petition as successive (i.e., repetitious presentation of the same claims) and/or an abuse of the writ (i.e., piecemeal presentation of claims). *See In re Clark*, 5 Cal. 4th at 767-69 ("It has long been the rule that absent a change in the applicable law or the facts, the court will not consider repeated applications for habeas corpus presenting claims previously rejected. The court has also refused to consider newly presented grounds for relief which were known to the petitioner at the time of a prior collateral attack on the judgment."). The burden then shifts to Petitioner to challenge the independence or adequacy of the procedural bar. *Bennett*, 322 F.3d at 586.

The question of whether the application of a procedural rule is independent of federal law is determined at the time the state court rejects a claim as procedurally defaulted. *Park v. California*, 202 F.3d 1146, 1156 (9th Cir. 2000). The California Supreme Court imposed the procedural bar against successive/abusive petitions in its October 25, 2017 denial of Petitioner's last state habeas petition. The independence of the bar is readily apparent, as the denial was not based upon or interwoven with federal law. *La Crosse*, 244 F.3d at 704. Rather, it exclusively relied on a state law procedural bar. Thus, the procedural bar against successive/abusive petitions constituted an independent state ground for the decision. *See Coleman*, 501 U.S. at 734-35.

As noted above, to be adequate, the state procedural bar must be firmly established and regularly followed. *Walker*, 562 U.S. at 316. Numerous courts have concluded the *Clark* bar against successive/abusive petitions is adequate. *See, e.g., Briggs v. State of California*, 2017 WL 1806495, at *6-7 (N.D. Cal. May 5, 2017) (collecting cases); *Flowers v. Foulk*, 2016 WL 4611554, at *4 (N.D. Cal. Sept. 6, 2016) ("California's bar against successive petitions is . . . adequate and

9

17CV2346-GPC(JMA)

independent."); *Rutledge v. Katavich*, 2012 WL 2054975, at *6-7 (N.D. Cal. June 5, 2012) (imposing California's procedural bar against successive petitions against the petitioner); *Aguirre v. Sherman*, 2016 WL 9752052, at *6 (C.D. Cal. Dec. 1, 2016) (finding the respondent had satisfied his burden to show that the *Clark* rule against successive/abusive petitions is adequate). Petitioner offers nothing to put the *Clark* bar's independence or adequacy at issue, and thus fails to satisfy his burden under *Bennett*. Absent an exception, California's procedural bar against successive/abusive petitions will be imposed against Petitioner's claims.

Where, as here, the Court finds an independent and adequate state procedural ground supporting the state court denial of a habeas petition, federal habeas review is barred unless the petitioner demonstrates cause for his failure to satisfy the state procedural rule and prejudice arising from the default, or that a fundamental miscarriage of justice would result from the Court not reaching the merits of the defaulted claim. *Coleman*, 501 U.S. at 750. Adequate "cause" for a default must be an "external" factor that cannot fairly be attributed to the petitioner. *Id.* at 753. With respect to the prejudice prong, a petitioner bears the burden of showing "not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original). If insufficient cause is shown, the Court need not reach the prejudice question. *Smith v. Baldwin*, 510 F.3d 1127, 1147 (9th Cir. 2007). The "miscarriage of justice" exception is limited to habeas petitioners who can show, based on new reliable evidence, that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 324-27 (1995) (quotations and citation omitted).

Although Petitioner cites the "cause and prejudice" standard for overcoming

17CV2346-GPC(JMA)

procedural default, he asserts no valid basis for showing cause.  With respect to the cause prong, Petitioner claims his appellate counsel, John Staley, "was in collusion with Government officials as to prevent reversal" in his direct appeal.  (FAC, ECF No. 11 at 33.)  He also alleges he was subject to fraud, misled by the trial court, and received ineffective assistance of appellate counsel.  (*Id.* at 34.)  These allegations, however, bear only upon the merits of Petitioner's habeas claims, and not on Petitioner having filed successive habeas petitions before the California Supreme Court.  In his Traverse, Petitioner explains he filed successive state petitions because he is not an attorney, relied on his appellate counsel, and was not previously aware of the factual predicate of his claims.  (Traverse, ECF No. 21 at 3.)  These, however, are not "external" factors that cannot fairly be attributed to Petitioner, and thus cannot constitute cause for the procedural default.  *See Coleman*, 501 U.S. at 753 (quotations and citations omitted).  Because Petitioner has not shown sufficient cause, the Court need not address the prejudice prong.  *Smith*, 510 F.3d at 1147.

Petitioner also asserts the "miscarriage of justice" exception to procedural default.  He argues the failure to consider his claims will result in a fundamental miscarriage of justice and that new evidence, namely, a lease agreement, raises sufficient doubt as to the finding that he was "cohabiting" with the victim of his crime.[3]  The lease agreement, however, which relates to premises located at 799 Ada Street in Chula Vista, California, makes no mention of either Petitioner or his victim, Leticia Chacon, and does not have any bearing on the evidence at trial which showed that Petitioner and Ms. Chacon had been in a dating relationship for seven months and were living together in Petitioner's vehicle parked along the

_____

[3] California Penal Code § 273.5 requires the victim to be the offender's spouse or former spouse, cohabitant or former cohabitant, fiancé or fiancée, someone with whom the offender has, or previously had, an engagement or dating relationship, or the mother or father of the offender's child.  Cal. Penal Code § 273.5(a)-(b).

17CV2346-GPC(JMA)

700 block of Ada Street.  (Lodgment No. 1, ECF No. 17-1 at 22.) The lease agreement proffered by Petitioner does not in any way demonstrate "a constitutional violation has probably resulted in the conviction of one who is actually innocent" (*see Schlup*, 513 U.S. at 324-27), and thus Petitioner has not established a fundamental miscarriage of justice would result if the Court did not reach the merits of his defaulted claims.  *See Coleman*, 501 U.S. at 750.

Petitioner has not adequately shown cause and prejudice to excuse the default, nor has he demonstrated a fundamental miscarriage of justice would result from the Court not reaching the merits of his defaulted claims. Accordingly, his claims are procedurally defaulted.  Notwithstanding that Petitioner's claims are procedurally barred, the Court now turns to the merits of Petitioner's claims.  "Procedural bar issues are not infrequently more complex than the merits issues presented by the appeal, so it may well make sense in some instances to proceed to the merits if the result will be the same."  *Franklin v. Johnson*, 290 F.3d 1223, 1232 (9th Cir. 2002); *see also Lambrix v. Singletary*, 520 U.S. 518, 525 (1997) (stating that courts may consider and deny habeas petitions on the merits notwithstanding procedural bar issues).  In addition to the procedural default, Petitioner's claims fail on the merits.

## C.  Claim One

In claim one, Petitioner contends the prosecutor breached the plea agreement in Case No. SCS 268470 by including a ten-year criminal protective order in the agreement without his knowledge in violation of *Santobello v. New York*, 404 U.S. 257 (1971).  (Am. Pet., ECF No. 11 at 10, 18-19, 35-36.)  He presented Claim 1 to the California Supreme Court in a habeas petition.  The California Supreme Court summarily denied the petition with a citation to *In re Clark*, 5 Cal. 4th 750, 767-69 (1993).  The Court would normally "look through" the state supreme court order to the last reasoned state court decision to address the claim.  *See Ylst*, 501 U.S. at 805-06.  However, the state court never

17CV2346-GPC(JMA)

adjudicated Petitioner's breach of plea agreement claim on the merits, and thus a de novo review is required.  *Pirtle v. Morgan*, 313 F.3d 1160, 1167-68 (9th Cir. 2002).

Based on a de novo review, Petitioner's claim that the prosecutor breached the plea agreement is without merit.  Under *Santobello*, when a plea agreement rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be a part of the inducement or consideration, such promise much be fulfilled.  *Santobello*, 404 U.S. at 262.  In that case, the prosecutor agreed to make no recommendation as to sentence, and then made one.  *Id.* at 258-59.  The sentencing judge indicated it made no difference that the plea agreement had been breached as he would have imposed the same sentence anyway.  *Id.* at 259-60.  The Supreme Court held that a promise that in any degree induces a plea "must be fulfilled."  *Id.* at 262.  In determining whether a plea agreement has been breached, courts consider what was "reasonably understood by (defendant) when he entered his plea of guilty."  *Gunn v. Ignacio*, 263 F.3d 965, 970 (9th Cir. 2001) (quoting *United States v. Arnett*, 628 F.2d 1162, 1164 (9th Cir. 1979).

Here, the plea agreement stated in relevant part:

> I have not been induced to enter this plea by any promise or representation of any kind, except:  Stipulated two years state prison (low term).  This a serious felony "strike" and is eligible for up to 50% good conduct credit.  Dismiss balance.

(Lodgment No. 1, ECF No. 17-1 at 76.)  The agreement also provided:

> (*Harvey* Waiver) The sentencing judge may consider my prior criminal history and the entire factual background of the case, including any unfiled, dismissed or stricken charges or allegations or cases when granting probation, ordering restitution or imposing sentence.

(*Id.* at 77.)  Thus, the plea agreement was clear that sentencing was left to the discretion of the court.  Petitioner initialed this provision of the plea agreement,

17CV2346-GPC(JMA)

indicating his understanding and assent. (*Id.*)

The trial court had authority to impose a 10-year criminal protective order upon a conviction under Cal. Penal Code § 273.5(a). *See* Cal. Penal Code § 273.5(i) (2008) ("Upon conviction under subdivision (a), the sentencing court shall also consider issuing an order restraining the defendant from any contact with the victim, which may be valid for up to 10 years, as determined by the court. . . . This protective order may be issued by the court whether the defendant is sentenced to state prison, county jail, or if imposition of sentence is suspended and the defendant is placed on probation."); *see also People v. Murphy*, 2009 WL 1626589, at *3 (Cal. Ct. App. June 11, 2009) (finding trial court had jurisdiction to issue protective order after the defendant pled no contest to violating section 273.5(a)). The issuance of the criminal protective order, therefore, resulted from Petitioner's conviction under § 273.5; it was not, as Petitioner contends, a condition of his plea agreement. Furthermore, the record contradicts Petitioner's claim that he was not made aware of the criminal protective order. At his sentencing, he was prepared, with citations to case authority, to object to its issuance. (Lodgment No. 2, ECF No. 17-7 at 46-47.) The Court heard Petitioner's objections but found the criminal protective order to be appropriate and warranted, and entered it accordingly. (*Id.* at 47.)

Petitioner has not shown the determination by the state court was contrary to, or an unreasonable application of, clearly established federal law, nor that it was based on an unreasonable determination of the facts. The Court recommends that habeas relief be denied as to Claim 1.

### D. Claim Two

In claim two, Petitioner argues the trial court misrepresented that a "strike" would carry no future consequences, resulting in a guilty plea that was not voluntarily, knowingly, and intelligently made. (*Id.* at 11, 19-21.) Petitioner claims the trial court judge induced him to rely on the misrepresentation in order

17CV2346-GPC(JMA)

to persuade him to plead guilty.  (*Id.* at 19-20.)  Petitioner further contends the prosecutor did not disclose the inaccuracy of the trial court's representations.  (*Id.* at 20.)  Petitioner raised this claim in a habeas petition filed with the California Supreme Court.  The court denied the petition with a citation to *In re Clark*, 5 Cal. 4th 750, 767-69 (1993).  The Court therefore "looks through" to the last reasoned state court decision to address the claim, that of the California Court of Appeal in Case No. D066084.  *See Ylst*, 501 U.S. at 805-06.  The appellate court stated the following:

> The court further finds Petitioner's claims are contradicted by the record.  A transcript of the change of plea proceeding of February 5, 2012 [is] incorporated herein by this reference and attached hereto as Exhibit A.  Contrary to Petitioner's claims, Exhibit A demonstrates that Petitioner was fully advised of the consequences of his plea and voluntarily waived his constitutional rights in order to obtain the benefits of his plea bargain.

(Lodgment No. 7, ECF No. 17-12 at 3.)

A guilty plea must be knowing, intelligent, and voluntary to comport with due process.  *See Boykin v. Alabama*, 395 U.S. 238, 243 n.5 (1969).  Where the trial court has fairly apprised the defendant of the consequences of his guilty plea, the plea cannot be challenged as violative of due process unless it was induced by threats, misrepresentations, or improper promises.  *Mabry v. Johnson*, 467 U.S. 504, 509 (1984), *disapproved on other grounds by Puckett v. United States,* 556 U.S. 129, 137 n.1 (2009).  Only when a defendant was not fairly apprised of the consequences of a guilty plea can the plea be challenged under the Due Process Clause.  *Mabry*, 467 U.S. at 509.

The following exchange occurred between Petitioner and the trial court judge at Petitioner's change of plea hearing regarding the effect of a "strike" offense:

> THE COURT:  Let me tell you what the effects of having a strike offense on your record is.  This will be on your record as a strike

17CV2346-GPC(JMA)

conviction.  As you go forward in life, if you get arrested again and charged with another strike offense, this offense will be held against you in that new case.  It will serve to double any punishment on that case.  It will serve not to allow bail or probation on that case.  [¶]  Do you understand those consequences of having a strike on your record?

THE DEFENDANT:  Yes.

THE COURT:  If you accumulate two strikes on your record and in the future you have another strike conviction, that will result in a 25-year-to-life sentence.  [¶]  Do you understand that?

THE DEFENDANT:  Yes.

. . . .

THE DEFENDANT:  No, I'm scared of the 25-year-to-life when you said that.

THE COURT:  You will get 25 years to life if you have three strike convictions.  You have no strike convictions right now.  This will be a strike conviction.  There is no problem with avoiding 25 years to life; don't commit and be convicted of any strike offenses.  So I don't understand why.  [¶]  I'm required to tell you the potential consequences, but if I were you I wouldn't be concerned because if I were you I wouldn't be committing any future offenses.  So I'm not sentencing you to 25 years to life in prison.  I'm going to give you two with credit for time served.  You'll spend about eight more months.  You're not spending 25 years to life.  [¶]  What else are you confused about?

THE DEFENDANT:  No, that is the only thing.  Confused about the future offense I can get life.

THE COURT:  Let me lay out the law for you.  You will have this strike conviction on your record.  [¶]  Understood?

THE DEFENDANT:  Yeah.

THE COURT:  The best way to avoid any consequences of that is not to commit any more crimes.  But if you were to commit new crimes,

17CV2346-GPC(JMA)

there is a new law in place that the new crimes have to be strike offenses, not just simple offenses before you have any of these consequences. [¶] Do you understand that? [¶] So suppose you go forward and commit a petty theft, shoplift, this has no consequence to that. Suppose you go forward and get arrested for drunk driving, no consequences. Only time the strike consequences have any consequence is when you commit and are convicted of a new strike offense. [¶] Do you understand that?

THE DEFENDANT: Yes.

THE COURT: Murder, rape, use of weapon, they're all very, very serious offenses. So if you are not going to commit those new offenses, nothing is going to happen.

THE DEFENDANT: All right. I thought if I commit like any crime. I'm not perfect so −− I'm not saying I'm going to commit future crimes, but I'm not perfect.

THE COURT: Well, I understand that. That is why I need to advise you of this law. But I'm trying to tell you that strike offenses are pretty uncommon and having three strike offenses on your record is reserved for the worst of the worst offender. I hope at your age that you're not going to be one of those people. You have that in your control. [¶] If you want to go out and rob banks and stab people and murder people and rape people, then you should have concerns about this. But if you are going to be a law-abiding citizen, this may never come back to haunt you at all. But that's all on you moving forward into the future.

(Lodgment No. 2, ECF No. 17-6 at 35-39.)

Petitioner contends the trial court judge "made a misrepresentation that a strike carr[ies] no future consequences" when the judge "knew that a strike carr[ies] future consequences." (ECF No. 11 at 19.) He continues, "It is immaterial as to whether [the trial court judge] was referencing to misdemeanors because petitioner implicitly understood that [the trial court judge] was referencing to both" and therefore, his guilty plea was not knowingly and intelligently made. (*Id.* at 20.) Petitioner has failed to show his guilty plea was

induced by any misrepresentations. The trial court judge clearly explained that a strike would not carry consequences unless Petitioner was convicted of another strike offense. (Lodgment No. 2, ECF No. 17-6 at 35-39.)

Petitioner persists with his argument the trial court failed to advise him that a criminal protective order "was a part of the plea agreement." (Traverse, ECF No. 21 at 7). This argument has no merit. "[T]he law ordinarily considers a waiver knowing, intelligent, and sufficiently aware if the defendant fully understands the nature of the right and how it would likely apply *in general* in the circumstances—even though the defendant may not know the *specific detailed* consequences of invoking it." *United States v. Ruiz*, 536 U.S. 622, 629 (2002) (emphasis in original). Awareness of the relevant circumstances "does not require complete knowledge of the relevant circumstances." *Id.* Here, it cannot be said the entry of the criminal protective order constituted "critical information" of which defendant should have been made aware prior to pleading guilty. *See id.* at 630. At best, the criminal protective order was a "specific detailed consequence" of pleading guilty. Petitioner's claimed lack of knowledge regarding the issuance of the criminal protective order, which in any event is contradicted by the record, does not render his guilty plea unknowing, unintelligent, and involuntary.

Petitioner's claim that the state court judge made misrepresentations to induce him into pleading guilty are belied by the record. Thus, the state court's denial of this claim was not contrary to, nor an unreasonable application of, clearly established federal law, and was not based on an unreasonable determination of the facts. The Court finds this claim has no merit.

### E. Claim Three

In claim three, Petitioner contends he received ineffective assistance of counsel on appeal because his appellate counsel did not raise a "*Santobello* claim." (*Id.* at 12, 21-23.) In Petitioner's view, the trial court record clearly

17CV2346-GPC(JMA)

demonstrates he thought the guilty plea would result in a sentence of only "two years with half," with no criminal protective order, and his appellate counsel should have challenged the plea and protective order on appeal. (*Id.* at 22.) Petitioner raised this claim in a habeas petition filed with the California Supreme Court. The court denied the petition with a citation to *In re Clark*, 5 Cal. 4th 750, 767-69. The Court therefore "looks through" to the last reasoned state court decision to address the claim, that of the California Court of Appeal in Case No. D069548. *See Ylst*, 501 U.S. at 805-06. The appellate court stated the following with respect to this claim:

> [Petitioner] is not entitled to habeas corpus relief. A defendant who pleads guilty may not challenge the validity of the plea on appeal unless he applies for and the trial court executes a certificate of probable cause stating there are "reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings." (Pen. Code, § 1237.5.) The trial court denied [Petitioner's] application, and this court denied his petition for writ of mandate challenging that denial. Therefore, on appeal this "court [could] not reach the merits of any issue challenging the validity of the plea." (*People v. Puente* (2008) 165 Cal. App. 4th 1143, 1149.) This court could consider only "postplea matters not challenging his plea's validity and/or matters involving a search or seizure whose lawfulness was contested pursuant to section 1538.5." (*People v. Mendez* (1999) 19 Cal. 4th 1084, 1096.) By not raising forbidden challenges to the validity of the plea on appeal, appellate counsel did not provide constitutionally ineffective assistance. (See *People v. Kipp* (1988) 18 Cal. 4th 349, 377 ["failure to assert a meritless defense does not demonstrate ineffective assistance of counsel"].)

(Lodgment No. 9, ECF No. 17-14 at 2.)

To establish ineffective assistance of counsel, a petitioner must first show his attorney's representation fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. He must also

17CV2346-GPC(JMA)

show he was prejudiced by counsel's errors. *Id.* at 694. Prejudice can be demonstrated by a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.; see also Fretwell v. Lockhart*, 506 U.S. 364, 372 (1993). Further, *Strickland* requires that "[j]udicial scrutiny of counsel's performance . . . be highly deferential." *Strickland*, 466 U.S. at 689. There is a "strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." *Id.* at 686-87. The Court need not address both the deficiency prong and the prejudice prong if the defendant fails to make a sufficient showing of either one. *Id.* at 697.

The *Strickland* standard also applies to claims of ineffective assistance of appellate counsel. *Smith v. Robbins*, 528 U.S. 259, 285 (2000). "Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010). "The standards created by *Strickland* and section 2254(d) are both highly deferential and when the two apply in tandem, review is 'doubly' so." *Harrington v Richter*, 562 U.S. 86, 105 (2011) (citations omitted). These standards are "difficult to meet" and "demand[] that state court decisions be given the benefit of the doubt." *Cullen v. Pinholster*, 563 U.S. 102-03 (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979)). Federal habeas functions as a "guard against extreme malfunctions in the state criminal justice systems," and not as a means of error correction. *Richter*, 562 U.S. at 102-03 (quoting *Jackson*, 443 U.S. at 332 n.5).

Petitioner claims his appellate counsel was constitutionally ineffective for failing to raise a "*Santobello* claim" in his direct appeal. As stated previously, under *Santobello*, when a plea agreement rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be a part of the inducement or consideration, such promise much be fulfilled. *Santobello*, 404

17CV2346-GPC(JMA)

U.S. at 262; *Mabry*, 467 U.S. at 509-10 (clarifying that a *Santobello* claim requires the plea to be induced by the prosecutor's promise). The determination of the defendant's "rights and responsibilities under the plea agreement is controlled by the principles of fundamental fairness imposed by the Due Process Clause." *Santobello*, 404 U.S. at 262. "Where a plea agreement is breached, the purpose of the remedy is, to the extent possible, to 'repair the harm caused by the breach.'" *Buckley*, 441 F.3d at 699 (citations omitted). *Santobello* provides that depending on the circumstances of the case, specific performance and withdrawal of the plea are both available remedies for breach. *Santobello*, 404 U.S. at 263.

Petitioner argues that his appellate counsel should have raised a *Santobello* claim on appeal because the state had clearly breached the plea agreement. However, as discussed above, regarding Claim One, a *Santobello* claim would have been futile on appeal, as Petitioner has not demonstrated the prosecutor induced Petitioner to plead guilty and then breached the plea agreement. Because Petitioner has not identified a viable claim that appellate counsel could have raised on appeal, habeas relief is unavailable to him on this claim. *Smith*, 528 U.S. at 285. An attorney's failure to raise a meritless legal argument does not constitute ineffective assistance. *See Baumann v. United States*, 692 F.2d 565, 572 (9th Cir. 1982). Accordingly, the state court's finding that Petitioner's appellate counsel did not provide constitutionally ineffective assistance was neither contrary to, nor an unreasonable application of, the *Strickland* standard, nor was it based on an unreasonable determination of the facts. Petitioner's claim should be denied.

### F. Evidentiary Hearing

Petitioner requests an evidentiary hearing. (FAP, ECF No. 11 at 5.) An evidentiary hearing is not necessary where, as here, the federal claims can be denied on the basis of the state court record, and where the petitioner's

17CV2346-GPC(JMA)

allegations, even if true, do not provide a basis for habeas relief. *Campbell v. Wood*, 18 F.3d 662, 679 (9th Cir. 1994). The Court finds an evidentiary hearing is neither necessary nor warranted to address Petitioner's claims.

## III. CONCLUSION

For the reasons set forth above, the Court recommends that judgment be entered **DENYING** the Amended Petition for Writ of Habeas Corpus.

This report and recommendation will be submitted to the Honorable Gonzalo P. Curiel, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Any party may file written objections with the Court and serve a copy on all parties on or before <u>October 9, 2018</u>. The document should be captioned "Objections to Report and Recommendation." Any reply to the Objections shall be served and filed on or before <u>October 23, 2018</u>. The parties are advised that failure to file objections within the specified time may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 17, 2018

Honorable Jan M. Adler
United States Magistrate Judge

17CV2346-GPC(JMA)