UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL V. ACEDO,<br><br>　　　　　　　　　Petitioner,<br><br>v.<br><br>R. FISHER, JR.,<br><br>　　　　　　　　　Respondent. | Case No.: 17cv2346-GPC-LL<br><br>**ORDER DENYING PETITIONER'S MOTION TO SEAL**<br><br>**[ECF No. 32]** |

　　　Currently before the Court is Petitioner Daniel Acedo's Motion to Seal. ECF No. 32. For the reasons set forth below, the Court **DENIES** Petitioner's Motion to Seal.

## **RELEVANT BACKGROUND**

　　　On November 17, 2017, Petitioner, a state prisoner proceeding *pro se*, commenced these habeas corpus proceedings pursuant to 28 U.S.C. § 2254. ECF No. 1. On January 11, 2018, Petitioner filed a First Amended Petition for Writ of Habeas Corpus challenging his 2014 conviction in San Diego Superior Court for inflicting corporal injury upon a cohabitant. ECF No. 11. On September 17, 2018, the Court issued a Report and Recommendation for an Order denying Petitioner's First Amended Petition. ECF No. 26.

　　　In his current Motion, Petitioner requests the Court: (1) seal the case in its entirety; (2) seal the Court's September 17, 2018 Report and Recommendation in its entirety; or (3) redact the victim's name from the Court's September 17, 2018 Report and

1

Recommendation. Id. at 3-4. Petitioner further requests that the Court's September 17, 2018 Report and Recommendation be removed from electronic content providers—specifically LexisNexis—or alternatively that the victim's name be redacted in these online copies. Id.

In support, Petitioner argues the "alleged victim['[]s name should not be disclosed on public record via opinion[.]" Id. at 2. In addition, Petitioner argues a sealing order is appropriate because Petitioner fears the Report and Recommendation could be used to make him a target "by other CDCR inmates which have access to the citation." Id. at 3.

## **ANALYSIS**

Generally, documents filed in civil cases are presumed to be available to the public. EEOC v. Erection Co., 900 F.2d 168, 170 (9th Cir. 1990); see also Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1178 (9th Cir.2006); Foltz v. State Farm Mut. Auto Ins. Co., 331 F.3d 1122, 1134 (9th Cir. 2003). A moving party must show "compelling reasons supported by specific factual findings" that "outweigh the general history of access and the public policies favoring disclosure" to justify an order sealing documents that are part of the judicial record. Kamakana, 447 F.3d at 1178-79 (citations omitted).

Here, Petitioner first argues he may become a target for other inmates if the Court's September 17, 2018 Report and Recommendation remains public. The Court does not find this constitutes a sufficiently compelling reason to justify Petitioner's sealing request. The Ninth Circuit considered a similar question in addressing a criminal defendant's request to have his disposition filed under seal because the dissemination of information regarding the nature of his offense would allegedly endanger his personal safety. United States v. Stoterau, 524 F.3d 988, 1012-14 (9th Cir. 2008). In denying defendant's sealing request, the Ninth Circuit noted defendant's concern were "equally present" for all similarly situated offenders and the circumstances were not "sufficiently exceptional" to warrant sealing. Id. at 1012-13. Similarly, here, the Court does not find Petitioner's conclusory assertion that the Court's September 17, 2018 Report and Recommendation "could" be

used to target him a sufficiently compelling reason to justify his request to seal the case or the Court's September 17, 2018 Report and Recommendation in its entirety. Petitioner has not supported his generalized concerns with any evidence or factual specificity.

Petitioner argues secondly his sealing request should be granted based on the privacy interests of victims in criminal proceedings—citing California Rules of Court, Rule Section 8.90(a)(1)(b)(4).[1] Rule 8.90(b) requires a "reviewing court" to "consider referring to" certain individuals "by first name and last initial or, if the first name is unusual or other circumstances would defeat the objective of anonymity, by initials only" in order to protect those individuals' privacy. Rule 8.90(b). The list of people to whom this rule applies includes "[v]ictims in criminal proceedings." Rule 8.90(b)(4).

As an initial matter, Petitioner has presented no authority to support his conclusion that Rule 8.90 applies in this case. Plaintiff's action seeks habeas relief under 28 U.S.C. § 2254. In a federal question case, "federal common law applies and a state statute, without more, does not shield disclosure in federal court or rebut the strong presumption in favor of public access to judicial records." Gregory v. City of Vallejo, 2014 U.S. Dist. LEXIS 116816, at *7-8 (E.D. Cal. Aug. 20, 2014); Sims v. Gonyea, 2016 U.S. Dist. LEXIS 36245, at *1-2 (W.D.N.Y. Mar. 21, 2016) (recognizing federal common law applies to request to seal a reply in a habeas corpus proceeding). Petitioner must still show compelling reasons to seal the documents. See Doe v. City of San Diego, 2014 U.S. Dist. LEXIS 66535, at *6 (S.D. Cal. May 14, 2014) (S.D. Cal. May 14, 2014) (rejecting argument that state privileges served as an "automatic shield" from disclosure in federal court).

Even if Rule 8.90 were applicable, Petitioner provides no authority to support his argument a victim's privacy interests applies in circumstances such as the instant one, where Petitioner is seeking to invoke the privacy rights of his alleged victim. See e.g., Tedesco v. AG of N.J., 2019 U.S. Dist. LEXIS 16977, at *3 (D.N.J. Feb. 1, 2019) (finding

---

[1] The subsection Petitioner references does not exist. Instead, the Court interprets Plaintiff's argument as referencing California Rules of Court, Rule 8.90(b).

invasion of privacy to victim's friends and family was insufficient cause to grant Petitioner's motion to seal exhibits in support of his 28 U.S.C. § 2254 petition).

In addition, the information Petitioner is seeking to redact—his alleged victim's name—is already in the public record in documents Petitioner himself publicly filed before the Court issued its Report and Recommendation. See e.g., ECF No. 11 at 113, 116. Further, there is no indication the victim's name was redacted in the underlying trial proceedings. Petitioner does not articulate a reason why there is any compelling reason the victim's name would need to be redacted now. See Farley v. Davis, 2018 U.S. Dist. LEXIS 6114, at *4-5 (N.D. Cal. Jan. 12, 2018) (denying motion to seal photographs in habeas proceeding that had been publicly available in trial court proceedings).

## CONCLUSION

For the above reasons, the Court **DENIES** Petitioner's Motion to Seal.

Dated: June 20, 2019

_____
Honorable Linda Lopez
United States Magistrate Judge

4

17cv2346-GPC-LL