1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9         SOUTHERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11 DANIEL ACEVEDO, | Case No.:  3:17-cv-2346-GPC (JMA) |
| 12                           Petitioner, | |
| | **ORDER: (1) ADOPTING REPORT** |
| 13 v. | **AND RECOMMENDATION; (2)** |
| | **DENYING FIRST AMENDED** |
| 14 R. FISHER JR., Warden, | **PETITION FOR WRIT OF HABEAS** |
| | **CORPUS; and (3) DENYING** |
| 15                           Respondent. | **CERTIFICATE OF** |
| | **APPEALABILITY** |
| 16 | |
| 17 | |
| 18 | **[ECF Nos. 1, 26]** |

19
20          Petitioner Daniel V. Acevedo ("Petitioner") is a state prisoner proceeding pro se

21 with a First Amended Petition for Writ of Habeas Corpus ("FAP") pursuant to 28 U.S.C.

22 § 2254. ECF No. 11 ("FAP") at 5-129.[1]  In the FAP, Petitioner challenges his 2014

23 conviction in San Diego Superior Court for inflicting corporal injury upon a cohabitant.

24 *Id*. On September 17, 2018, Magistrate Judge Jan M. Adler, issued a report and

25 recommendation ("R&R") denying the FAP.  ECF No. 26.  On October 2, 2018

26 _____

27 [1] Petitioner filed a Motion for Leave to File an Amended Petition.  ECF No. 11.  The Court denied the
motion as moot on the basis that Petitioner is entitled to amend his petition once.  Accordingly, the

28 operative petition is the First Amended Petition ("FAP"), which is attached to Petitioner's Motion.  ECF
No. 11 at 5-129.

Petitioner filed objections to the Report.  ECF No. 27 ("Objections").  After careful consideration of the pleadings and supporting documents, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation and **DENIES** Petitioner's FAP.  The Court also DENIES a Certificate of Appealability.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

On November 11, 2013, Petitioner and his girlfriend entered into a verbal altercation while at a trolley station, which resulted in Petitioner cutting his girlfriend's left leg with a box cutter.  ECF No. 17-13 at 38.[2]  The incident was witnessed by a transit officer and was recorded by security cameras.  *Id.*  According to documents in the trial court record, Petitioner and his victim, Leticia Chacon, had been in a dating relationship for seven months, were living together in Petitioner's car, and slept in the vehicle along the 700 block of Ada Street.  ECF No. 17-1 at 22.  Petitioner was initially charged with corporal injury to a spouse or roommate under California Penal Code § 273.5(a) and assault with a deadly weapon under California Penal Code § 245(a)(1), for which he faced a possible sentence of up to four years.  ECF No. 17-1 at 7-9.

On February 5, 2014, Petitioner, who represented himself at trial, pled guilty in San Diego Superior Court Case No. SCS 268470 to one count of corporal injury upon a cohabitant (Cal. Penal Code § 273.5(a)) and admitted a weapon allegation pursuant to California Penal Code § 1192.7(c)(23) that deemed the offense a serious felony and a "strike" under the Three Strikes Law.  ECF No. 17-1 at 76-79; ECF No. 17-6 at 32-42.  In exchange for his plea, the prosecutor stipulated to a low term sentence of two years and to dismiss the balance of the charges.  ECF No. 17-1 at 76.  Petitioner thereafter filed a motion to withdraw his guilty plea, asserting he felt pressure from the trial judge to "take the deal," he did not fully understand the consequences of the plea agreement, and his plea was not knowing and voluntary.  ECF No. 17-1 at 81-89; ECF No. 17-2 at 86-90.

---

[2] Citations to the pleadings and lodgments refer to the page numbers affixed by the Court's Electronic Case Filing system.

The trial court denied the motion.  ECF No. 17-3 at 266; ECF No. 17-7 at 7-27.

Petitioner filed a motion to reconsider.  ECF No. 17-3 at 112-20.  The trial court denied

the motion and sentenced Petitioner to two years in prison, as stipulated by the parties in

the plea agreement, and ordered Petitioner to pay fines and fees, as well as victim

restitution in an amount to be determined.  ECF No. 17-7 at 28-33, 44-48.  Over

Petitioner's objections, the trial court issued a protective order prohibiting him from

contacting Letitia Chacon.  *Id*. at 46-47; ECF No. 17-13, at 34-35.

Petitioner applied for a certificate of probable cause to challenge the validity of his

guilty plea on appeal, but the trial court denied the application, and the state appellate

court denied the petition for writ of mandamus that Petitioner filed to challenge that

denial.  ECF No. 17-3, at 246; ECF No. 17-9; ECF No. 17-14.  On appeal, appointed

appellate counsel filed a brief, pursuant to *People v. Wende*, 25 Cal. 3d 436 (1979),

presenting no argument for reversal, and requesting the court review the entire record on

appeal to determine whether any issues would result in reversal or modification of the

judgment.  ECF No. 17-8.  The California Court of Appeal affirmed Petitioner's

conviction and sentence on February 11, 2015 in Case No. D066084.  ECF No. 17-13 at

37-40.

On October 30, 2015 and November 2, 2015, Petitioner filed virtually identical

third and fourth petitions for writ of habeas corpus, respectively, in San Diego Superior

Court, Case No. HSC 11420.  ECF Nos. 17-10, 17-11.[3]  Petitioner asserted the prosecutor

engaged in illegal plea bargaining; the trial court improperly initiated plea negotiations,

tried to persuade him to accept the plea bargain, and improperly advised him of the strike

consequences of his plea; and claimed he did not knowingly and intelligently waive his

rights to a jury.  *Id*.  The superior court denied the petitions for failure to state a prima

facia claim for relief, as the claims were previously raised and rejected on appeal and

---

[3] According to the San Diego Superior Court, Petitioner's first and second petitions for writ of habeas corpus were unrelated to the grounds set forth in his third and fourth petitions.  ECF No. 17-12 at 2 n.2.

were contradicted by the record.  ECF No. 17-12.

Petitioner then filed a petition for writ of habeas corpus in the California Court of Appeal, Case No. D069548.  ECF No. 17-13.  He argued, *inter alia*, that his guilty plea was obtained in violation of due process because he had not been adequately advised of the consequences of the guilty plea, and he had been denied effective assistance of appellate counsel on his direct appeal.  *Id*.  On January 13, 2016, the appellate court denied the petition on the basis that a defendant who pleads guilty may not challenge the validity of the plea on appeal unless he applies for and the trial court grants a certificate of probable cause stating there are "reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings."  ECF No. 17-14 at2.  The appeals court also found Petitioner's appellate counsel did not provide constitutionally ineffective assistance.  *Id*.  Petitioner then filed another petition for writ of habeas corpus in the California Court of Appeal, Case No. D070007, in which he objected to the Court of Appeal's opinion in Case No. D069548 and largely repeated the arguments set forth in his previous habeas petition before the Court of Appeal.  ECF No. 17-15.  On March 23, 2016, the appellate court denied the petition as repetitive, successive, and an abuse of the writ of habeas corpus.  ECF No. 17-16.

On May 18, 2016, Petitioner filed a habeas petition in the California Supreme Court, Case No. S234612, asserting he did not understand the consequences of his guilty plea, the trial judge misinformed him regarding the consequences of the plea, the criminal protective order was unconstitutional because he could not be subjected to such an unlawful restraint, and his appellate counsel provided ineffective assistance.  ECF No. 17-17.  On July 13, 2016, the California Supreme Court denied the petition, citing *People v. Duvall*, 9 Cal. 4th 464, 474 (1995) and *In re Swain*, 34 Cal. 2d 300, 304 (1949).  ECF No. 17-18.  On August 16, 2017, Petitioner filed another petition for writ of habeas corpus in the California Supreme Court, Case No. S243800, raising the same arguments as before.  ECF No. 17-19.  The California Supreme Court denied the petition on October 25, 2017 citing *In re Clark*, 5 Cal. 4th 750, 767-69 (1993).  ECF No. 11 at 85; ECF No.

17-20.

On November 17, 2017, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in this Court, and filed the FAP on January 11, 2018.  ECF Nos. 1, 11.  Respondent filed an Answer on February 22, 2018.  ECF No. 16.  Petitioner filed a Traverse on March 23, 2018.  ECF No. 21.  On May 22, 2018, Magistrate Judge Jan M. Adler issued the R&R recommending the FAP be denied.  ECF No. 26.  On October 2, 2018 Petitioner filed objections to the R&R.  ECF No. 27.

## II.   STANDARD OF REVIEW

The district court's duties in connection with a R&R of a magistrate judge are set forth in Federal Rules of Civil Procedure 72(b) and 28 U.S.C. § 636(b).  The district judge must "make a *de novo* determination of those portions of the report . . . to which objections is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b).  The district court need not review *de novo* those portions of a R&R to which neither party objects. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir. 2005); *U.S. v. Reyna-Tapia*, 328 F.3d 114, 1121-22 (9th Cir. 2003) (*en banc*).  On October 2, 2018 Petitioner filed objections to the R&R.  ECF No. 27.  Thus, the Court makes a *de novo* review of the portions of the R&R to which Plaintiff objects.

A habeas petition will not be granted unless the state court's adjudication was either: (1) "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  Further, a federal court shall presume that a determination of factual issues made by a state court is correct, and Petitioner has the burden of rebutting that presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

A federal habeas court may grant relief under the "contrary to" clause if the state court applied a rule different from the governing law set forth in Supreme Court cases, or

3:17-cv-2346-GPC (JMA)

if it decided a case differently than the Supreme Court on a set of materially indistinguishable facts. *See Bell v. Cone*, 535 U.S. 685, 694 (2002). The court may grant relief under the "unreasonable application" clause requires the state court decision be more than incorrect or erroneous; to warrant habeas relief, the state court's application of clearly established federal law must be "objectively unreasonable." *See Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). The Court may also grant relief if the state court's decision was based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d)(2).

A federal court uses the decision of the highest state court to make its habeas determination. *Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991). However, if no reasoned decision from the highest state court exists, the Court "looks through" to the last reasoned state court decision and presumes it provides the basis for the higher court's denial of a claim or claims. *Id.* at 805-06. A state court need not cite Supreme Court precedent when resolving a habeas corpus claim, "[s]o long as neither the reasoning nor the result of that state court action contradicts [Supreme Court precedent]." *Early v. Packer*, 537 U.S. 3, 8 (2002).

In deciding a state prisoner's habeas petition, a federal court is not called upon to decide whether it agree with the state court's determination; rather, the federal court applies an extraordinarily deferential review, inquiring only whether the state court's decision was objectively unreasonable. *See Yarborough v. Gentry*, 540 U.S. 1, 4 (2003); *Medina v. Hornung*, 386 F.3d 872, 877 (9th Cir. 2004).

## III.   DISCUSSION

Petitioner presents three grounds for relief in the FAP. First, he alleges a breach of contract claim, in which he contends the prosecution breached the plea agreement in Case No. SCS 268470 by including a ten-year criminal protective order in the agreement without his knowledge. ECF No. 11 at 10, 18-19, 35-36. Second, he argues the trial court misrepresented that a "strike" would carry no future consequences, resulting in a guilty plea that was not voluntarily, knowingly, and intelligently made. *Id.* at 11, 19-21.

Third, Petitioner claims he received ineffective assistance of counsel on appeal in Case No. D066084 because his appellate counsel did not raise a *Santobello* claim. *Id*. at 12, 21-23. Petitioner seeks an evidentiary hearing or to supplement the record. *Id*. at 5, 17, 23. Respondent counters that Petitioner is procedurally barred from receiving relief, and his claims otherwise are meritless. ECF No. 16-1 at 4-6.

Magistrate Judge Jan M. Adler issued an R&R finding that Petitioner's claims were not only procedurally defaulted but that they also fail on the merits. ECF No. 26. Petitioner asserted three objections to the R&R, which essentially correspond with the three issues he raised in his FAP. ECF No. 27 ("Obj."). First, Petitioner contends his *Santobello* claim is not procedurally barred because it was not raised in Case No. HSC 11420. *Id*. at 3-4. Second, Petitioner reasserts his claim that he was not advised of the direct consequences of his initial plea in Case No. SCS 268470. *Id*. at 1-2. Third, Petitioner appears to reassert his claim that he received ineffective assistance of counsel on appeal because his appellate counsel did not raise a "*Santobello* claim." *Id*. at 4-6.

## A.   Claim One: Petitioner's *Santobello* Claim Is Procedurally Barred and Fails on The Merits

In Petitioner's FAP, he claims the prosecution in Case No. SCS 268470 breached the plea agreement by including a ten-year criminal protective order without Petitioner's knowledge, in violation of *Santobello v. New York*, 404 U.S. 257 (1971). ECF No. 1 at 14; ECF No. 11 at 10, 18-19, 35-36. Respondent counters that Petitioner's claims are procedurally defaulted because they were denied in the state court on the basis of California's bar on successive petitions. ECF No. 16 at 4. In the R&R, Judge Adler found that Petitioner was procedurally barred from bringing this claim, but nonetheless considered the claim on its merits. ECF No. 26, at 7-12. In such circumstances, the Court "looks through" the State Supreme Court's order to the last reasoned state court decision to address the claim. *See Ylst*, 501 U.S. 797, 805-06 (1991). However, since the California Supreme Court never adjudicated Petitioner's breach of plea agreement on the merits, and only denied this specific claim by relying on *In re Clark*, 5 Cal. 4th 750, 767-

7

69 (1993) (ECF No. 17-20 at 1), the R&R applied *de novo* review to the claim.  ECF No. 26 at 13 (citing *Pirtle v. Morgan*, 313 F.3d 1160, 1167-69 (9th Cir. 2002)).  In considering the merits of Petitioner's *Santobello* claim, the R&R concluded that the issuance of the criminal protective order resulting from Petitioner's conviction in Case No. SCS 268470 was properly within the trial court's authority to impose.  *Id*. at 14.

In Petitioner's objection to the R&R, he asserts that his *Santobello* claim is not procedurally barred because it was not raised in Case No. HSC 11420.  ECF No. 27 at 3.  However, Petitioner's claim is contradicted by the record.  Petitioner raised his *Santobello* claim to the California Supreme Court in Case Nos. S234612 and S243800.  ECF No. 17-17 at 13; ECF No. 17-19 at 4-8.  The California Supreme Court denied Petitioner's writ of habeas corpus in Case No. S234612 citing to *People v. Duvall*, 9 Cal.4th 464, 474 (1995) and *In re Swain*, 34 Cal.2d 300, 304 (1949).  ECF No. 17-18 at 1.  The California Supreme Court also denied Petitioner's writ of habeas corpus in Case No. S243800 citing *In re Clark*, 5 Cal. 4th 750, 767-769 (1993) which held that courts will not entertain habeas corpus claims that are successive.  ECF No. 17-20 at 1.  Courts have considered the prohibition on unjustified successive petitions as an independent and adequate state-law ground for denying relief that precludes federal habeas review.  *See Briggs v. State*, No. 15-cv-05809-EMC, 2017 WL 1806495 at *6 (N.D. Cal. May 5, 2017) (collecting cases).  Based on the foregoing, the Court finds that Petitioner's claim is procedurally barred.

Moreover, the Court finds that even if this claim were not procedurally barred, Petitioner's assertion that the prosecutor breached the plea agreement fails on the merits.  *Id*. at 13-14.  In *Santobello*, the court held that when a plea agreement rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be a part of the inducement or consideration, such a promise must be fulfilled by the prosecutor.  404 U.S. 257 at 262 (1971).  In determining whether a plea agreement has been breached, courts consider what was "reasonably understood by [defendant] when he entered" his guilty plea.  *Gunn v. Ignacio*, 263 F.3d 965, 970 (9th Cir. 2001) (citing

3:17-cv-2346-GPC (JMA)

*United States v. Arnett*, 628 F.2d 1162, 1164 (9th Cir. 1979)).  Here, the text of the plea agreement made clear that sentencing would be left to the discretion of the sentencing judge:

> (*Harvey* waiver) The sentencing judge may consider my prior criminal history and the entire factual background of the case, including any unfiled, dismissed or stricken charges or allegations or cases when granting probation, ordering restitution or imposing sentence.

ECF No. 17-1 at 77.  Petitioner initialed this provision of the plea agreement, indicating his understanding and assent.  *Id*.  Further, the issuance of this criminal protective order is based in the trial court's authority under Cal. Penal Code § 273.5(a) which provides:

> Upon conviction under subdivision (a), the sentencing court shall also consider issuing an order restraining the defendant from any contact with the victim, which may be valid for up to 10 years, as determined by the court. . . . This protective order may be issued by the court whether the defendant is sentenced to state prison, county jail, or if imposition of sentence is suspended and the defendant is placed on probation.

Cal. Penal Code § 273.5(a).  Accordingly, since Petitioner has failed to show that the determination of the state court was contrary to, or an unreasonable application of, clearly established federal law or was based on an unreasonable determination of the facts, the Court adopts the R&R and denies habeas relief as to Claim 1.

**B.    Claim Two: Petitioner Was Adequately Advised of the Direct Consequences of his Initial Guilty Plea**

Petitioner's second claim, which he reasserted in an objection to Judge Adler's Report, is that he was not adequately advised of the direct consequences of his plea in Case No. SCS 268470 and that the trial court misrepresented the potential future consequences of a "strike," thereby rendering Petitioner's guilty plea as one that was not voluntarily, knowingly, and intelligently made.[4]  ECF No. 11 at 11, 19-21; ECF No. 27,

---

[4] Petitioner raised this exact issue in Case Nos. HSC 11420, D069548, D070007, S234612, S243800. *See* ECF Nos. 17-10 at 2; 17-11 at 2; 17-13 at 3; 17-15 at 9; 17-17 at 7-8; 17-19 at 6.

1    at 1.

2         Petitioner presented this precise issue to the California Supreme Court, and has

3    raised it multiple times elsewhere.[5]  The California Supreme Court denied Petitioner's

4    petition summarily with a citation to *In re Clark*, 5 Cal.4th 750, 767-69 (1993).  The

5    Court must "look[] through" to the last reasoned state court decision addressing this

6    claim.  *Ylst*, 501 U.S. at 805-06.  Accordingly, the Court looks at the reasoning provided

7    in Case No. D066084, wherein the California Court of Appeal held on February 22, 2018

8    that "Petitioner's claims are contradicted by the record" since he was fully advised of the

9    consequences of his plea and voluntarily waived his constitutional rights in order to

10   obtain the benefits of his plea bargain."  ECF No. 17-12 at 3.

11        A guilty plea must be knowing, intelligent, and voluntary to comport with due

12   process.  *See Boykin v. Alabama*, 395 U.S. 298, 243 n.5 (1969).  Where the trial court has

13   fairly apprised the defendant of the consequences of his guilty plea, the plea cannot be

14   challenged as violative of due process unless it was induced by threats,

15   misrepresentations, or improper promises.  *Mabry v. Johnson*, 467 U.S. 504, 509 (1984).

16   Only when a defendant was not fairly apprised of the consequences of a guilty plea can

17   the plea be challenged under the Due Process Clause.  *Id*.  "[T]he law ordinarily

18   considers a waiver knowing, intelligent, and sufficiently aware if the defendant fully

19   understands the nature of the right and how it would likely apply *in general* in the

20   circumstances—even though the defendant may not know the *specific detailed*

21   consequences of invoking it."  *United States v. Ruiz*, 536 U.S. 622, 629 (2002) (emphasis

22   in original).

23        In support of his Objections to the R&R, Petitioner submitted portions of the trial

24   court's transcript in Case No. SCS 268470 dated February 5, 2014.  ECF No. 27 ("Ex.

25   B") at 12.  This portions of the attached transcript shows the presiding judge of Case No.

26

27   ────────────────────

28   [5] *Supra* fn. 3.

SCS 268470 questioning Petitioner about his understanding of his plea agreement.[6]  In this exhibit, Petitioner underscores and circles in handwriting the portion of the transcript wherein the court asks him, "[a]nd prior to [initialing and signing the plea form] did you understand all the terms and conditions of the plea bargain as I just recited to you on the record?"  *Id*. at 13.  Petitioner has annotated this portion of the transcript with a note: "Did not."  *Id*.  Petitioner appears to provide these excerpts of the transcript as evidence that he did not understand the direct consequences of his plea agreement.

However, the portions of the transcript that Petitioner excluded from the submitted exhibit show that the trial court judge clearly and unambiguously laid out the direct consequences of Petitioner's plea agreement, and explained that a strike would not result in any consequences unless Petitioner were convicted of another qualifying strike offense.  ECF No. 17-6 at 35-39.  The trial court goes to substantial lengths to explain the consequences of this to the Acevedo and pauses when Acevedo indicates his confusion:

> THE COURT: Let me tell you what the effects of having a strike offense on your record is. This will be on your record as a strike conviction. As you go forward in life, if you get arrested again and charged with another strike offense, this offense will be held against you in that new case. It will serve to double any punishment on that case. It will serve not to allow bail or probation on that case. Do you understand those consequences of having a strike on your record?
>
> THE DEFENDANT: Yes.
>
> THE COURT: If you accumulate two strikes on your record and in the future you have another strike conviction, that will result in a 25-year-to-life sentence. Do you understand that?
>
> THE DEFENDANT: Yes.
>
> . . .

---

[6] Petitioner's "Exhibit B" is ECF No. 17-6, at 32, 34, 36, 38, 40.  *See* ECF No. 27, at 12-16.  The Court notes that the selection of transcript pages Petitioner included in his Exhibit B omits key parts of the transcript, such as where the presiding judge asks, "[d]o you understand that by pleading guilty you're giving up those rights as well?" and Petitioner responds, "Yes."  ECF No. 17-6 at 35.

3:17-cv-2346-GPC (JMA)

THE COURT: Do you plead guilty or not guilty?

THE DEFENDANT: Not guilty. I want to make a continuance. I'm just stressed out right now and – I don't know.

THE COURT: Well, let's – hold it, Mr. Acedo. Let's hold on a second. You are confused about what?

THE DEFENDANT: Just the 25-to-life sentence is scaring me, you know.

THE COURT: I'm scaring you?

THE DEFENDANT: No, I'm scared of the 25-year-to-life when you said that.

THE COURT: You will get 25 years to life if you have three strike convictions. You have no strike convictions right now. This will be a strike conviction. There is no problem with avoiding 25 years to life; don't commit and be convicted of any strike offenses. So I don't understand why. I'm required to tell you the potential consequences, but if I were you I wouldn't be concerned because if I were you I wouldn't be committing any future offenses. So I'm not sentencing you to 25 years to life in prison. I'm going to give you two with credit for time served. You'll spend about eight more months. You're not spending 25 years to life. What else are you confused about?

THE DEFENDANT: No, that is the only thing. Confused about the future offense I can get life.

THE COURT: Let me lay out the law for you. You will have this strike conviction on your record. Understood?

THE DEFENDANT: Yeah.

THE COURT: The best way to avoid any consequences of that is not to commit any more crimes. But if you were to commit new crimes, there is a new law in place that the new crimes have to be strike offenses, not just simple offenses before you have any of these consequences. Do you understand that? So suppose you go forward and commit a petty theft, shoplift, this has no consequence to that. Suppose you go forward and get arrested for drunk driving, no consequences. Only time the strike consequences have any consequence is when you commit and are convicted of a new strike offense. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: Murder, rape, use of weapon, they're all very, very serious offenses. So if you are not going to commit those new offenses, nothing is going to happen.

THE DEFENDANT: All right. I thought if I commit like any crime. I'm not perfect so — I'm not saying I'm going to commit future crimes, but I'm not perfect.

THE COURT: Well, I understand that. That is why I need to advise you of this law. But I'm trying to tell you that strike offenses are pretty uncommon and having three strike offenses on your record is reserved for the worst of the worst offender. I hope at your age that you're not going to be one of those people. You have that in your control. If you want to go out and rob banks and stab people and murder people and rape people, then you should have concerns about this. But if you are going to be a law-abiding citizen, this may never come back to haunt you at all. But that's all on you moving forward into the future.

ECF No. 17-6 at 35-39.  Accordingly, based on review of the above, Petitioner's claim that the trial court misrepresented that a "strike" would carry no future consequences fails since the trial court judge did not induce Petitioner to rely on the alleged misrepresentation in order to persuade him to enter a guilty plea.  The trial court adequately advised Petitioner of the direct consequences of his plea agreement and clearly explained that a strike would not carry consequences unless Petitioner were to be convicted of another strike offense.  Petitioner additionally claims that he lacked any knowledge regarding the issuance of the criminal protective order; however, even if this were supported by the record, which it is not, such a claim would not render the guilty plea unknowing, unintelligent, and involuntary.  In sum, the Court adopts the R&R and denies Petitioner's Claim Two.

## C.    Claim Three: Petitioner's Appellate Counsel Did Not Provide Ineffective Assistance of Counsel

Petitioner's third claim is that he received ineffective assistance of counsel on appeal because his appellate counsel did not raise a *Santobello* claim.  ECF No. 27, at 6; ECF No. 11, at 12.  Petitioner raised this claim in the habeas petition that he filed with

3:17-cv-2346-GPC (JMA)

the California Supreme Court.  ECF No. 17-19.  The California Supreme Court denied

Petitioner's petition summarily with a citation to *In re Clark*, 5 Cal.4th 750, 767-69

(1993).  ECF No. 17-120.  The Court must "look[] through" to the last reasoned state

court decision addressing this claim.  *Ylst*, 501 U.S. at 805-06.  Accordingly, the Court

looks at the reasoning provided in Case No. D066084 which held that Petitioner was not

entitled to habeas corpus relief since the trial court had denied Petitioner's application for

a certificate of probable cause.  ECF No. 17-14 at 2.  The court held that since this claim

would have been a "forbidden challenge[] to the validity of the plea on appeal," the

appellate counsel did not provide ineffective assistance.  *Id.*

In order to establish ineffective assistance of counsel, Petitioner must show that his

counsel's representation fell below an objective standard of reasonableness under

prevailing professional norms, and if there is a reasonable probability that, but for

counsels failings, the result would have been more favorable to the defendant. *Strickland*

*v. Washington*, 466 U.S. 668, 687-88 (1984).  "This requires showing that counsel made

errors so serious that counsel was not functioning as the 'counsel' guaranteed the

defendant by the Sixth Amendment." *Id*. at 687.  A reviewing court will indulge a

presumption that counsel's performance fell within the wide range of professional

competence and that counsel's actions and inactions can be explained as a matter of

sound trial strategy.  *Id*. at 687.  "The standards created by *Strickland* and section 2254(d)

are both highly deferential and when the two apply in tandem, review is 'doubly' so."

*Harrington v. Richter*, 562 U.S. 86, 105 (2011) (citations omitted).

The determination of the defendant's "rights and responsibilities under the plea

agreement is controlled by the principles of fundamental fairness imposed by the Due

Process Clause." *Santobello*, 404 U.S. at 262. "[W]here a plea agreement is breached,

the purpose of the remedy is, to the extent possible, to 'repair' the harm caused by the

breach.'" *Buckley*, 441 F.3d at 699 (citations omitted).  As indicated by *Santobello*,

depending on the circumstances of the case, specific performance and withdrawal of the

plea are both available remedies for breach.  *Santobello*, 404 U.S. at 263.

Here, Petitioner claims his appellate counsel should have raised a *Santobello* claim on appeal.  The Court disagrees.  As discussed in prior sections, a *Santobello* claim would have been futile on appeal because Petitioner failed to demonstrate that the prosecutor breached the plea agreement.  An attorney's failure to raise a meritless legal argument does not constitute ineffective assistance of counsel.  *See Baumann v. United States*, 692 F.2d 565, 572 (9th Cir. 1982). Without Petitioner identifying a viable claim that his appellate counsel could have raised on appeal, habeas relief remains unavailable to him on this claim.  *Smith*, 528 U.S. at 285. As such, the state court's finding that Petitioner's appellate counsel did not provide constitutionally ineffective assistance was neither contrary to, nor an unreasonable application of, the *Strickland* standard, nor was it based on an unreasonable determination of the facts.  Thus, the Court adopts the R&R and denied Petitioner's Claim Three.

**D.  Evidentiary Hearing**

An evidentiary hearing is not necessary where, as here, the federal claims can be denied on the basis of the state court record, and where the petitioner's allegations, even if true, do not provide a basis for relief.  *Campbell v. Wood*, 18 F.3d 662, 679 (9th Cir. 1994).  Accordingly, the Court finds that an evidentiary hearing is neither necessary nor warranted to address Petitioner's claims.

**CONCLUSION**

Based on the reasons described above, the Court **ADOPTS** the Magistrate Judge's Report in full and **DENIES** Petitioner's FAP.  The Clerk of the Court shall enter judgement in accordance with this Order.

Rule 11 of the Rules Following 28 U.S.C. § 2254 require the District Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11, 28 U.S.C. foll. § 2254 (West 2019).  A certificate of appealability ("COA") will issue when the petitioner makes a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253 (West 2019); *Pham v. Terhune*, 400 F.3d 740, 742 (9th Cir. 2005).  A "substantial showing" requires a demonstration that "'reasonable

3:17-cv-2346-GPC (JMA)

jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Beaty v. Stewart*, 303 F.3d 975, 984 (9th Cir. 2002) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Here, the Court concludes Acevedo has not made the required showing, and therefore a certificate of appealability is **DENIED**.

IT IS SO ORDERED.

Dated: July 16, 2020

Hon. Gonzalo P. Curiel
United States District Judge

3:17-cv-2346-GPC (JMA)